## W. Howard v. The State.

1. Charge of the Court in Trials for Misdemeanors. — In a trial for a petty theft, the inculpatory evidence was largely circumstantial, and there was proof for the defendant tending to show that the articles alleged to have been stolen belonged to his wife. *Held*, that the court below might well have instructed the jury on the subject of circumstantial evidence, and also on the issue of ownership raised by the defendant's proof; but, as the accusation was a misdemeanor, the counsel for the defence, if they desired such instructions, should have prepared and requested them.

2. Oath to Jury. — The record on appeal must show that the jury were duly sworn.

Appeal from the District Court of Travis. Tried below before the Hon. J. W. Smith.

The material facts are sufficiently indicated in the opinion for present purposes. The punishment assessed and adjudged was six months' imprisonment in the county jail.

*Ward & Pendexter*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J.   The charge of the court was excepted to by the defendant at the time of its delivery.   No particular objection to the charge is indicated by the bill of exceptions taken at the time of its delivery to the jury.   It is contended in argument, however, that under it the jury would have been warranted in finding the defendant guilty on proof of the theft of any one article charged in the information. The argument is based on a certain clause of the charge, in this language:  "If the jury believe from the evidence that the defendant is guilty of the theft of the property described in the information, or any part of such property as alleged in the information in this case, you will return a verdict of guilty," etc.

The information charges the defendant with the theft of certain articles of household goods, specifying the different articles, and affixing a value to each : e.g., six table-forks, of the value of $4 ; six teaspoons, of the value of $2.50 ; one ice-cream freezer, at the value of $1, etc. ; the aggregate value being laid at $10.75.   Under the averments in the information, a charge would not be objectionable because it warranted a conviction on proof of the theft of either the forks, the spoons, or the ice-cream freezer, the testimony being otherwise sufficient in proof of the owner's alleged want of consent, intention to deprive the owner thereof, and to appropriate to the use or benefit of the taker.   True, proof .of the theft of one spoon or one fork only would not have warranted a verdict of guilty, for the reason that the value of one spoon or one fork was not alleged, and it being a character of prosecution in which the value of the  property  enters into the punishment. Still, proof of the value of either the number of spoons or, the number of forks described in the information would support a conviction, such value being averred, without proof of the whole number of articles charged to have been stolen ; and this is, we think, the proper interpretation of the charge complained of.   There was no error in this portion of the charge.

Agreeably to the testimony, however, inasmuch as with regard to the spoons and forks it was wholly circumstantial (the testimony being that these articles were found at the house of the defendant, and not in his actual possession), a proper charge on circumstantial testimony would have been appropriate. There was also testimony introduced by the defendant which tended, if true, to show that the major part of the goods found at the place of residence of the defendant had been given to or acquired by the wife of the defendant long before the theft. On the subject of this defence a charge might have been submitted to the jury. This being a misdemeanor, it was perhaps the duty of the defendant's counsel to have asked suitable instructions on both these subjects, by preparing them for delivery to the jury and presenting them to the court. *Hobbs* v. *The State*, 7 Texas Ct. App. 117. The charge properly instructed the jury as to the presumption of innocence and the reasonable doubt, and also as to their duty in weighing the testimony and determining the credibility of the witnesses.

There is one defect in the record which, of itself, would require the verdict to be set aside. It does not appear from the transcript of the record that the jury who returned the verdict were sworn as jurors in the case. "Unless the record affirmatively shows that the jury were sworn, the judgment will be set aside." *Cameron* v. *The State*, 5 Texas Ct. App. 34. The judgment will be reversed and the case remanded for a new trial.

*Reversed and remanded.*